IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LYNDA MCCARTY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| TOOT'N TOTUM FOOD STORES, INC, | § | |
|     Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Lynda McCarty ("Plaintiff"), complaining of Toot'n Totum Food Stores, Inc. ("Toot'n Totum") and in support thereof, shows the Court as follows:

**I.**

**PARTIES**

1.01   Plaintiff is an individual who is over 40 years of age.

1.02   Toot'n Totum is a corporation which may be served through its attorney, Shawn Twing, Mullin, Hoard and Brown, Amarillo National Plaza Two, 500 South Taylor, Lobby Box #213, Amarillo, Texas 79101.

**II.**

**JURISDICTION AND VENUE**

2.01   Jurisdiction of Plaintiff's federal law claims is conferred by 28 U.S.C. § 1331 and by 28 U.S.C. § 1367 with regard to her Texas common law claims.

2.02   Venue for all causes of action is appropriate in this District and Division because all of the events and omissions giving rise to Plaintiff's claims made in this Complaint took place within this District and Division pursuant to 28 U.S.C. § 1391.

ORIGINAL COMPLAINT – Page 1

## III.

## FACTS

3.01  Ms. McCarty (over 40 years old) was employed as the Director of Human Resources and Risk Management.  She performed her duties in an exemplary fashion and consistently received positive assessments of her job performance.  Her personnel file is free of any indication that she had ever deviated from giving 100 % to the Defendant.  Moreover, she had increasing responsibilities over the years.  Upon separation of employment, she was running both human resources and risk management functions seamlessly.

3.02  Rodger Hudson, an executive at Toot'n Totum, began asking Ms. McCarty about her retirement plans as early as 2016, when Ms. McCarty was 60 years of age. Ms. McCarty told Mr. Hudson that she planned to move near her children but could not do so while her mother was alive. Ms. McCarty advised that she had not made "concrete plans" yet but would give Toot'n Totum plenty of notice, of at least a year or more before she intended to retire.

3.03 Once Ms. McCarty's mother died in the February of 2018, Mr. Hudson informed Ms. McCarty that Toot'n Totum would begin searching for her replacement, as it "may take a while." Ms. McCarty was alarmed, as she had no intention to retire, but assumed that her employer would not go through with its plan.  She made clear to Mr. Hudson that she was not yet intending to retire and had not yet made any plans to do so. Mr. Hudson was undeterred.

3.04  Over her objections, Ms. McCarty was tasked to write a job posting to search for her own replacement. Fearing termination for insubordination if she refused, Ms.

McCarty created the job posting and began searching for her own replacement in November of 2019, even after making clear for a third time she was not ready to retire.

3.05  Ms. McCarty had to constantly dodge embarrassing references to her alleged "retirement" by well-wishers as management falsely informed others that it was Ms. McCarty's decision.

3.06  After identifying a younger candidate, Ms. McCarty confronted Mr. Hudson, "why are you making me leave the company?"  Mr. Hudson's only response was he was "succession planning."

3.07  On August 18, 2020, Mr. Hudson contacted Ms. McCarty to advise that her last day would be August 28, 2020.  Ms. McCarty reiterated that she considered Toot'n Totum's actions to constitute age discrimination.  Thereafter, Toot'n Totum terminated her employment.

## IV.

## CLAIMS

### Age Discrimination In Employment Act

4.01  Plaintiff incorporates the foregoing paragraphs as though set forth verbatim herein.

4.02. All conditions precedent to filing this action for discrimination under Federal law have been met because Plaintiff filed a charge with the EEOC more than 180 days ago.

4.03.  Defendant is an employer with greater than twenty (20) employees.

4.04. Plaintiff is greater than forty (40) years of age as required by the ADEA. 29 U.S.C. § 633a(a).

4.05 Defendant discriminated against Plaintiff based on her age when it terminated her employment under the guise of a "retirement" and replaced her with a younger employee.

ORIGINAL COMPLAINT – Page 3

### Retaliation under ADEA and TCHRA

4.06  Plaintiff incorporates the foregoing paragraphs as though set forth verbatim herein.

4.07  All conditions precedent to filing this action for discrimination under Federal and Texas state law have been met because Plaintiff filed a charge jointly with the EEOC and the Texas WorkforceCommission more than 180 days ago.

4.08  Defendant is an employer within the meaning of the Texas Labor Code. Tex. Lab. Code §21.002(8). In particular, Defendant employs more than fifteen (15) employees within the current calendar year.

4.09  Defendant retaliated against Plaintiff by terminating her employment after she told the firm that she considered a forced retirement to constitute age discrimination.

### V.

### JURY TRIAL DEMANDED

5.0  Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that she be granted all relief to which she proves herself entitled.

Respectfully submitted,

By: *Mary Harokopus*
Mary L. Harokopus
State Bar No. 00789347
Mary L. Harokopus, PLLC
5700 Granite Parkway, Ste. 200
Plano, TX 75024
Tel.: (972) 731-2524
Fax: (469) 519-5547
E-mail: mary@harokopuslaw.com

ATTORNEY FOR PLAINTIFF